IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEVYN TAYLOR, #07941-025,

        Petitioner,

    vs.                                                                      Case No. 12-cv-1049-JPG

UNITED STATES OF AMERICA,

        Respondent.

**MEMORANDUM AND ORDER**

This matter comes before the Court on Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).  For the following reasons, the Court denies Petitioner's motion.

**1. Background and Procedural History**

On June 17, 2009, a jury found Petitioner guilty of conspiracy to distribute crack cocaine, distribution of crack cocaine, possession with intent to distribute crack cocaine, possession of a firearm in furtherance of a drug trafficking crime, and felon in possession of a firearm.  *See United States v. Taylor*, Case No. 08-cr-30061 (Docs. 53 & 69).  On September 29, 2009, the undersigned Judge sentenced Petitioner to 240 months imprisonment, a total of five years supervised release, a fine of $250, and a special assessment of $500.  *Id.*  Judgment was entered on September 29, 2009 (Doc. 69 in criminal case).

Petitioner filed a direct appeal of his conviction and sentence.  *See United States v. Taylor*, 637 F.3d 812 (7th Cir. 2011).  With regard to his conviction for distribution to crack cocaine, Petitioner argued "there was insufficient evidence for a jury to find beyond a reasonable doubt that he aided and abetted a crack deal in October 2005." *Id.* at 813.   With regard to his

sentencing for the drug conviction, Petitioner argued that the district court (1) "incorrectly considered as relevant conduct an amount of drugs that exceeded the jury's special verdict;" and (2) "did not make sufficient findings to support its application of a two-level enhancement for obstruction of justice." *Id*. at 814.

The Seventh Circuit affirmed Petitioner's conviction and sentence. Specifically, with respect to his insufficiency of evidence challenge, the Seventh Circuit found that the Government had introduced sufficient evidence for the jury to find that he aided and abetted the October 2005 crack deal. *Id*. at 816. The Seventh Circuit also held that this Court did not err with respect to the amount of drugs it considered for relevant conduct. *Id*. Petitioner's sentence of 180 months was below the statutory maximum regardless of the drug amount found by the jury on the special verdict, and thus did not violate *Apprendi*. *Id*. at 816-17. With regard to Petitioner's obstruction of justice enhancement argument, the Seventh Circuit found that this Court's "factual findings encompass all the elements of perjury and therefore adequately support an enhancement for obstruction of justice." *Id*. at 817-18.

Thereafter, Petitioner applied for a writ of certiorari to the Supreme Court of the United States that was denied on October 3, 2011. *See Taylor v. United States*, 132 S. Ct. 257 (2011). Petitioner's § 2255 motion was timely filed on September 30, 2012. He raises three grounds for relief. First, he asserts his conviction was in error because the jury checked mutually exclusive boxes with regard to drug amounts on the special verdict form. Second, he argues that he "should not have had the total amount of drugs imputed to him . . . merely because he was a close associate of one of the principals to the conspiracy." Doc. 1, p. 5. Third, he argues that his testimony did not amount to perjury and asks for "final reconsideration" of his obstruction of justice enhancement. Doc. 1, p. 5.

## 2. Analysis

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255.  However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).  "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice."  *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted).  It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

A § 2255 motion is "neither a recapitulation of nor a substitute for a direct appeal." *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007) (quoting *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)).  "Issues that were raised on direct appeal may not be reconsidered on a § 2255 motion absent changed circumstances."  *Varela*, 481 F.3d at 935-36 (citing *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995)).

Here, the three grounds for relief listed in Petitioner's § 2255 motion are the same issues he raised on appeal.  With regard to his first ground, Petitioner argued on appeal that the Court "incorrectly considered as relevant conduct an amount of drugs that exceeded the jury's special verdict."  In addressing that argument, the Seventh Circuit found that there was no error because Petitioner's sentence was below the statutory maximum. His second ground argues that the total amount of drugs should not have been imputed to him; however, the Seventh Circuit found that the Government had introduced sufficient evidence for the jury to find that he aided and abetted

the October 2005 crack deal.  Finally, with respect to the obstruction of just enhancement, the Seventh Circuit already found that this Court's "factual findings encompass all the elements of perjury and therefore adequately support an enhancement for obstruction of justice."   Petitioner has not alleged any changed circumstances.  Because Petitioner has not alleged any changed circumstances, this Court cannot reconsider issues already raised on direct appeal.  Accordingly, the Court denies Petitioner's § 2255 motion.

Having denied Petitioner's motion, the Court must grant or deny a certificate of appealability.  *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts; 28 U.S.C. § 2253(c).  Section 2253(c)(2) provides that a certificate of appealability may issue only if a Petitioner has made a substantial showing of the denial of a constitutional right.  Petitioner has made no such showing.  Rather, the Court has concluded that Petitioner is seeking reconsideration of issues he raised on direct appeal and has not alleged any changed circumstances.  Therefore, the Court denies a certificate of appealability.  Pursuant to Rule 11(a), Petitioner may not appeal the denial of a certificate of appealability, but he may seek a certificate from the Court of Appeals for the Seventh Circuit.

## 3.  Conclusion

Accordingly, this Court **DENIES** Petitioner's § 2255 motion and **DISMISSES** this action.  The Court **DIRECTS** the Clerk of Court to enter judgment accordingly.  Further, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

**DATED:** December 13, 2012

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**